STATE OF NORTH CAROLINA v. ROGER BYRD

No. 8525SC461

(Filed 31 December 1985)

1. Constitutional Law § 43— lineup during investigation—no right to counsel

   In a prosecution for robbery there was no merit to defendant's contention that his constitutional right to counsel at a lineup was violated since, at the time of the lineup, defendant was charged with forgery of one of the checks taken in the robbery but was only a suspect in the robbery case, and the Constitution does not require that mere suspects be furnished counsel at lineups.

2. Criminal Law § 46.1— flight of defendant—instructions proper

   There was no merit to defendant's contention that the trial court erred in instructing the jury that his attempted flight when officers came to arrest him on forgery charges could be considered as evidence of his guilt in this robbery case, since what defendant's flight meant, if anything, was a question of fact properly left to the jury.

APPEAL by defendant from *Owens, Judge.* Judgment entered 11 January 1985 in Superior Court, CATAWBA County. Heard in the Court of Appeals 22 October 1985.

Defendant was convicted of armed robbery. The evidence for the State tends to show the following: When Vickie Poole, who owns a restaurant in Hickory, was leaving the restaurant parking lot during the night of 26 July 1984 two men, one of them armed with a pistol, took two bags from her containing approximately $1,100 and fled down a nearby alley. The parking lot itself was not illuminated, but it received some illumination from some nearby streetlights. The police came and Ms. Poole described one of the robbers as a black man, having a squared-off face and close-cropped hair and beard. At a photo line-up conducted by the police on 30 July she tentatively identified defendant's picture as

a "strong possibility" of being one of the robbers. Later that day, but independent of the robbery investigation, defendant was arrested at a Hickory super market immediately after cashing one of the checks stolen in the robbery. He was charged with forgery and uttering and the next morning his bail was set and counsel appointed for him. Shortly thereafter, while still in jail and before he was contacted by his appointed counsel, he was taken to the Newton police station, a few blocks away, for a line-up in the Vickie Poole robbery investigation. His request that the lawyer appointed in the other case be present was denied. At the line-up Ms. Poole identified defendant as the robber and he was then charged with that offense. In a *voir dire* conducted on the State's identification evidence she testified on cross-examination that defendant looked different from the other men in the line-up. Following the *voir dire* the court found that, even though the identification procedure might have been suggestive, there was no substantial likelihood that he was mistakenly identified as the armed robber and denied defendant's motion to suppress.

*Attorney General Thornburg, by Assistant Attorney General Kaye R. Webb, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender David W. Dorey, for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant first contends that the trial court erred in denying his motion to suppress the State's evidence relating to his identification by Ms. Poole. The essence of defendant's contention is that his constitutional right to counsel at the line-up was violated. This contention is without merit. Defendant's right to counsel in this case did not attach until he was formally charged with the armed robbery. *State v. Sanders*, 33 N.C. App. 284, 235 S.E. 2d 94, *disc. rev. denied*, 293 N.C. 257, 237 S.E. 2d 539 (1977). And contrary to defendant's contention, in the setting that then existed, the forgery and armed robbery charges were not so closely related that his right to counsel for the armed robbery offense attached when he was arrested for forgery. *State v. Leggett*, 305 N.C. 213, 287 S.E. 2d 832 (1982). Though upon his arrest for passing the forged check he became a suspect in the armed robbery case, he was only a suspect until Ms. Poole identified him, and the

Constitution does not require that mere suspects be furnished counsel at line-ups. Nor has defendant shown any other error in the denial of his motion. The court's extensive findings of fact, supported by competent evidence, support the trial court's conclusion that there was no substantial likelihood that defendant was misidentified. *State v. Montgomery*, 291 N.C. 91, 229 S.E. 2d 572 (1976).

[2] Defendant's only other contention is that the trial court erred in instructing the jury that his attempted flight when the officers came to arrest him on the forgery charges could be considered as evidence of his guilt in this case. He argues that his flight was clearly a reaction to the bad check transaction, which had just occurred, and not to the armed robbery four days earlier. This argument is rejected. What defendant's flight meant, if anything, was a question of fact, not law, that was properly left to the jury; and one thing it could have meant was that it was prompted as much by defendant's commission of the armed robbery as it was by the passing of the check. Under the circumstances the instruction was not error. *State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977).

No error.

Judges WEBB and JOHNSON concur.